FILED
JUN 23 2025
U.S. BANKRUPTCY COURT
BY_____DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 25-10401B |
| CATHY DEANDRA PRIESTER | § § | CHAPTER 7 |
| Debtor(s) | § § | |
| | § | |
| CATHY PRIESTER | § | |
| Plaintiff, | § § | |
| | § | ADVERSARY NO. |
| VS. | § § | |
| UNITED STATES DEPARTMENT OF EDUCATION, NELNET, | § § § | 25-1026 |
| Defendants | § | |

ORIGINAL COMPLAINT

COMES NOW Plaintiff, and files this Complaint to Determine Dischargeability of Student Loan, and for good cause would show the Court the following:

JURISDICTION AND VENUE

The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This Complaint is commenced pursuant to section 523(a)(8) of title 11 of the United States Code

1

(the "Bankruptcy Code") and Rules 7001(6) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Western District of Texas, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

PARTIES

Plaintiff is the Debtor ("Plaintiff" or "Debtor") in the underlying bankruptcy case and resides at 13203 A. Saxby Ct., Austin, TX 78729

Defendant United States Department of Education may be served with a copy of this Adversary Complaint and the Summons at the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202 and by serving the United States Attorney, Western District of Texas, 903 San Jacinto Blvd., Austin, Texas 78701, and by serving the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

Defendant Nelnet may be served with a copy of this Adversary Complaint and the Summons at 121 South 13th Street, Suite 201, Lincoln, NE 68508.

FACTUAL BACKGROUND

Plaintiff seeks to discharge a Federal Direct Consolidation Loan currently serviced by Nelnet with an outstanding balance of approximately $16,256.07, including $16,142.37 in principal and $113.70 in interest. The loan originated on May 18, 2004, for education at the University of Texas, where Plaintiff completed a Bachelor of Arts in Psychology in May 2005.

The loan entered repayment on November 26, 2005. Plaintiff has made 234 of 240 required payments under her income-driven repayment plan, as documented by official government records (Exhibit B). She consolidated her loans on October 14, 2022, and enrolled in the SAVE plan on October 13, 2023 Her repayment term is scheduled to end in October 2025.

Despite being within months of completion after nearly 20 years of repayment, Plaintiff can no longer maintain a minimal standard of living while making the remaining payments due to changed circumstances.

Plaintiff is currently self-employed with inconsistent income and is actively seeking stable employment. Her work capacity is significantly impaired by chronic medical conditions, specifically endometriosis, a chronic gynecological condition that limits her ability to work full-time and generate sufficient income. Medical documentation is attached as Exhibit A.

Plaintiff's monthly expenses exceed her income, even after substantial cost-reduction measures including a 75% reduction in housing costs. Plaintiff faces critical transportation challenges. Her 2009 Honda CR-V has extensive mechanical problems including ongoing leaks. Despite spending $298.25 on previous repairs, the vehicle continues to leak and remains unreliable. Additional repairs are estimated at $2,553 for valve cover gasket replacement and air conditioning system repairs (Exhibit C), with no guarantee the valve cover gasket replacement will restore reliable functionality. Without dependable transportation, she cannot access employment opportunities or medical appointments.

Plaintiff has demonstrated sustained good faith efforts over nearly two decades, including making 234 qualifying payments (97.5% completion), appropriate use of deferments and forbearances, loan consolidation, SAVE plan enrollment, and consistent communication with her servicer. She has pursued professional development through online courses to enhance employment opportunities.

Despite these extensive efforts, Plaintiff's chronic medical condition, income instability, unmet transportation needs, and the persistence of these circumstances over the nearly 20-year repayment period make continued loan repayment an undue hardship under 11 U.S.C. § 523(a)(8).

DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(8)

11 U.S.C. § 523(a)(8) provides as follows:

523(a) states a discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend. Plaintiff has demonstrated that excepting her student loan debt from discharge would impose an undue hardship on her under 11 U.S.C. § 523(a)(8).

WHEREFORE, Plaintiff respectfully requests that the Court determine that Plaintiff's student loan debt to Defendants is dischargeable under 11 U.S.C. § 523(a)(8), and that the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Cathy Deandra Priester
13203 A Saxby Ct.
Austin, TX 78729
Telephone: (512) 796-8205
Email: catvangogh@gmail.com

Plaintiff, Pro Se

4

EXHIBIT A

Medical Documentation:

- Pelvic Ultrasound Summary - Endometriosis History and Current Findings
- Documentation of Chronic Gynecological Condition

No Information

# REASON FOR VISIT

PELVIC US

# Medications

No Information

# Immunizations

No Information

# Social History

No Information

# Problems

| Problem Type | SNOMED Code | ICD Code | Onset Dates | Problem Status | W/U Status | Risk | Notes |
|---|---|---|---|---|---|---|---|
| Problem | History of endometriosis | History of endometriosis | | Active | confirmed | | |
| Problem | | Uterine leiomyoma, | | Active | confirmed | | |

# Vital Signs

No Information

# Procedures

No Information

# Encounters

| Encounter | Location | Date | Provider | Diagnosis |
|---|---|---|---|---|
| RENAISSANCE WOMENS GROUP | 12201 RENFERT WAY STE 225 AUSTIN, TX 787585368 | 03/18/2025 | TARA MILLS | Pelvic pressure in female and Uterine leiomyoma, |

# Medical Equipment

No Information

EXHIBIT B

Payment History Documentation:

- StudentAid.gov Screenshot - Payment Completion Status (234 of 240)
- StudentAid.gov Screenshot - Scheduled End Date (October 2025)

# Federal**StudentAid**
An OFFICE of the U.S. DEPARTMENT of EDUCATION

FAFSA® Form ∨ | Grants and Loans ∨ | Loan Repayment ∨ | Loan Forgiveness ∨

REPAYMENT PLAN

## Saving on a Valuable Education (SAVE) Plan

IDR Payment Progress - Repayment Start 10/14/2022

**234 Qualifying Payments**     **6 Remaining Payments**

Estimated IDR End of Repayment Term
**October 2025**

| Loan Type | Qualifying Payment(s) ⓘ | Estimated IDR End of Repayment Term ⓘ |
|---|---|---|
| 1 - Direct Consolidated Unsubsidized - $6,622.95 | 234 out of 240 | October 2025 |
| 2 - Direct Consolidated Subsidized - $9,519.42 | 234 out of 240 | October 2025 |



Need to start the 2024–25 FAFSA form?   Start a 2024-25 Form

## My Aid

**Loans**
$16,256.07
Total Balance ⓘ

- $16,142.37 Principal ⓘ
- $113.7 Interest ⓘ

**Grants**
$16,160
Total Disbursed ⓘ

- $16,160 Pell Grant ⓘ

View Details

## IDR End of Payment Term

2 loans in IDR
6 remaining payments

**0** Years **6** Months
until end of IDR payment term

View IDR Progress

## My Loan Servicers   View More ›



EXHIBIT C

Vehicle Repair Documentation:

- RepairPal.com Estimate - Valve Cover Gasket Replacement
- RepairPal.com Estimate - AC Condenser Replacement
- RepairPal.com Estimate - AC Evaporator Replacement

Fair Price Estimate

# 50 RepairPal Certified locations near you honor this estimate.

## Valve Cover Gasket Replacement

## $298 to $374

**Cost Breakdown**

- Labor (36%)
- Parts (64%)

This estimate does not account for taxes, diagnostics, and other fees. **Learn more**

[ View 50 Locations ]

## Service Summary

📍 78729 - Austin, TX

🚗 2009 Honda CR-V

🔧 **Valve Cover Gasket Replacement**                                            Change

View Repair Notes

Fair Price Estimate

# 50 RepairPal Certified locations near you honor this estimate.

## AC Condenser Replacement

## $717 to $989

**Cost Breakdown**

- Labor (51%)                                                                                   Parts (49%)

This estimate does not account for taxes, diagnostics, and other fees. **Learn more**

[ View 50 Locations ]

## Service Summary

📍 **78729 - Austin, TX**

🚗 **2009 Honda CR-V**

✽ **AC Condenser Replacement**                                                                 Change

View Repair Notes

Fair Price Estimate

# 50 RepairPal Certified locations near you honor this estimate.

## AC Evaporator Replacement

## $648 to $1,190

**Cost Breakdown**

- Labor (62%)                                                                              Parts (38%)

This estimate does not account for taxes, diagnostics, and other fees. **Learn more**

[ View 50 Locations ]

## Service Summary

📍 78729 - Austin, TX

🚗 2009 Honda CR-V

✳ AC Evaporator Replacement                                                                  Change

View Repair Notes

FORM 104 (10/06)

**FILED**

**JUN 23 2025**

ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY BANKRUPTCY COURT
ADVERSARY PROCEEDING NUMBER
(Court Use Only) BY_____ DEPUTY

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Cathy Deandra Priester | United States Department of Education, Nelnet |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro Se- Cathy Deandra Priester<br>PO BOX 202514, Austin, TX 78720 | **ATTORNEYS** (If Known)<br>Department of Education |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine dischargeability of federal student loan under 11 U.S.C. § 523(a)(8)."

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Discharge of student loan debt under undue hardship standard

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>CATHY DEANDRA PRIESTER || BANKRUPTCY CASE NO.<br>25-10401B |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN | DIVISIONAL OFFICE<br>AUSTIN | NAME OF JUDGE<br>Christopher G Bradley |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature: Cat Priest]* |||
| DATE<br>6-02-2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>CATHY PRIESTER ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.