**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 25-10401-cgb** |
| **Cathy Deandra Priester,** | ) | |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |

| | | |
|---|---|---|
| **Cathy Deandra Priester,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Adversary No. 25-1004** |
| | ) | |
| **United States of America** | ) | |
| **Department of Education,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S  PRE-TRIAL ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW,  the United States of America (on behalf of the U.S. Department of Education), Defendant, in the above styled adversary proceeding, and files this Defendant's Pre-Trial Order, and respectfully represents to the Court the following:

**I.**
**Nature of Dispute**

1.  Plaintiff filed for relief under Chapter 7 under the Bankruptcy Code on  March 27, 2025. An order discharging the Debtor/Plaintiff was entered on June 27, 2025 , and the case was closed.

2.  Plaintiff is indebted to the Department  in the approximate amount of $ 16,000.00 as of March, 2025.  The debt is based on educational loans.

3. Plaintiff asserts she is entitled to a discharge her student loans pursuant to 11 U.S.C. § 523(a)(8). Defendant asserts that Plaintiff is liable for the student loans and denies that repayment on the subject student loans would be an undue hardship.

## II.
## Jurisdiction

4. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 11 U.S.C. § 523(a)(8).

5. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## III.
## Consent or Non-Consent to Entry of Final Order/Judgment

6. a. Plaintiff has consented to entry of a final order.

b. Defendant has consented to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

## IV.
## Summary of Claims and Defenses

7. Plaintiff claims that repayment of the student loans would impose an undue hardship as set forth in 11 U.S.C. § 523(a)(8) and therefore such debt qualifies for discharge.

8. The United States disagrees and asserts that the Plaintiff must prove the three requirements for a discharge set forth in *In Re Gerhardt* 348 F.3rd 89, (5th Cir. 2003) and *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987).

## V.
## Defendant's Alleged Facts

9. The defendant asserts the following facts:

a. Plainitff, brings this action Pro Se for the discharge of her federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8).

b.  Debtor filed her bankruptcy case under Chapter 7 of the Bankruptcy Code on March 27, 2025 . She received a discharge on June 27, 2025.  She filed his adversary action on June 23, 2025, seeking to determine the dischargeability of her student loans. This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding. Plaintiff and Defendant have consented to the entry of final orders of judgment by the Bankruptcy Court in this matter.

c.  One of the unsecured debts owed by Debtor are student loans owed to Defendant, Department of Education. With accumulated interest, the amount owed on the student loan when this case was filed was approximately $16,000.00.

d.     The student loan debts were incurred to pay tuition at University of Texas where the Plaintiff graduated with a degree in Psychology in May , 2005. (Complaint )

e.  The debtor is currently a self employed  with a gross wage of $1,200.00_a month (petition sch I) and expenses of $1,629.00 a month.  (petition sch J).

10.  Defendant has $46,717.18 in a Fidelity 401K retirement account. ( debtor's schedules at 21)

### VI.
### Disputed Factual Issues

10.  Defendant asserts that paying the student loan debt balance would not be a hardship as the debtor has the funds to pay the amount in full.

### VII.

### Applicable Law

11.  Plaintiff seeks a determination that the debt owed to the Department of Education is dischargeable under 11 U.S.C. § 523(a)(8), which provides, in pertinent part, that a debt

for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded by a governmental unit, is not dischargeable in bankruptcy unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

12. The statute does not define "undue hardship," and that task has been committed to the courts. The leading case on the standards for "undue hardship" is *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987).  The Fifth Circuit has adopted the analysis in *Brunner*, see *In Re Gerhardt*, 348 F.3rd. 89, (5th Cir. 2003), and *In Re Thomas*, 223 F.App'x 310 (5th Cir. 2007). See also, *In re Pena*, 155 F.3d 1108 (9th Cir. 1998); *Faish v. Pa. Higher Educ. Assistance Auth.*, 72 F.3d 298 (3d Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996); *Cheesman v. Tenn. Student Assistance Corp.*, 25 F.3d 356 (6th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *Roberson v. ll. Student Assistance Comm'n*, 999 F.2d 1132 (7th Cir. 1993); *Ammirati v. Nellie Mae Inc.*, 187 B.R. 902 (D.S.C. 1995), *aff'd*, 85 F.3d 615 (4th Cir. 1996). *Gerhardt* required the debtor to prove that:

   1. The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for self and dependents if forced to repay the loan;

   2. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the loan; and

   3. The debtor has made good faith efforts to repay the loan.

"Dischargeability should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993). To determine whether repayment will impose an undue hardship, the first and second parts of the *Brunner* test require consideration of the debtor's expenses and income

potential, as well as the payment term and the installment amount required for the loan. The Department of Education makes available a variety of income-sensitive repayment options for financially distressed debtors that allow the debtor to make reduced installment payments, over an extended payment period, based on the debtor's ability to pay.

**VIII.**
**Contested Issues**

13.  Whether the debt for student loans, owed by the Plaintiff, is dischargeable under 11 U.S.C. § 523 (8).                    **IX.**

**Witnesses**

14.  The United States may call the Debtor as a witness.

**X.**
**Length of Trial**

19. Defendant estimates the trial will take approximately two hours which includes ruling.

**XI.**
**Additional Matters**

20. No additional matters at this time.

**XII**
**Exhibits**

21.  Defendant intends to introduce Debtor's bankruptcy schedules and petition as an exhibit.

UNITED STATES ATTORNEY
JUSTIN R. SIMMONS

By:  */s/ Steven B Bass*
Steven B. Bass
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5858 / Fax (512) 916-5854
Steven.Bass@usdoj.gov
Attorney for Defendant United States of America