**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 25-10401 -cgb |
| Cathy Deandra Priester, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| Cathy Deandra Priester | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 25-1026 |
| | ) | |
| United States of America | ) | |
| Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S  FINDINGS OF FACT AND CONCLUSIONS OF LAW

## FINDINGS OF FACT

1.   Cathy Priester, Debtor/Plaintiff brings this action Pro Se for the discharge of her federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8).

2.  Plaintiff  filed her bankruptcy case under Chapter 7 of the Bankruptcy Code on March 27, 2025 , the Court filed an order of discharge on June 27, 2025 and the case was closed. Plaintiff  filed her adversary action on seeking to determine the dischargeability of his student loan debt on June 23, 2025.   This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding. Plaintiff and Defendant have consented to the entry of final orders of judgment by the Bankruptcy Court in this matter.

3. One of the unsecured debts owing by Plaintiff and listed in her schedules is a student loan owing to Defendant, Department of Education. With accumulated interest, the approximate amount owed on the student loan when this case was filed was $16,000.00.

4. The student loan debts were incurred to pay tuition and attain a degree from the University of Texas.

## CONCLUSIONS OF LAW

5. Plaintiff seeks a determination that the debt owed to the Department of Education is dischargeable under 11 U.S.C. § 523(a)(8), which provides, in pertinent part, that a debt for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded by a governmental unit, is not dischargeable in bankruptcy unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

6. The statute does not define "undue hardship," and that task has been committed to the courts. The leading case on the standards for "undue hardship" is *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). The Fifth Circuit has adopted the analysis in *Brunner*, see *In Re Gerhardt*, 348 F.3rd. 89, (5th Cir. 2003), and *In Re Thomas*, 223 F.App'x 310 (5th Cir. 2007). See also, *In re Pena*, 155 F.3d 1108 (9th Cir. 1998); *Faish v. Pa. Higher Educ. Assistance Auth.*, 72 F.3d 298 (3d Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996); *Cheesman v. Tenn. Student Assistance Corp.*, 25 F.3d 356 (6th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *Roberson v. ll. Student Assistance Comm'n*, 999 F.2d 1132 (7th Cir. 1993); *Ammirati v. Nellie Mae Inc.*, 187 B.R. 902

(D.S.C. 1995), *aff'd*, 85 F.3d 615 (4th Cir. 1996). *Gerhardt* required the debtor to prove that:

1. The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for self and dependents if forced to repay the loan;

2. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the loan; and

3. The debtor has made good faith efforts to repay the loan.

"Dischargeability should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993). To determine whether repayment will impose an undue hardship, the first and second parts of the *Brunner* test require consideration of the debtor's expenses and income potential, as well as the payment term and the installment amount required for the loan. The Department makes available a variety of income-sensitive repayment options for financially distressed debtors that allow the debtor to make reduced installment payments, over an extended payment period, based on the debtor's ability to pay.

7.    Defendant asserts that Plaintiff has not proven that her student loans are dischargeable.

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:    */s/Steven Bass*
Steven B. Bass
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858/Fax (512) 916-5854
Steven.Bass@usdoj.gov