**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 25-10401-cgb |
| Cathy Deandra Priester, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| Cathy Deandra Priester, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 25-01026-cgb |
| | ) | |
| United States of America | ) | |
| Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

**Emergency Motion to Continue Trial**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Cathy Priester, Plaintiff, in the above styled adversary proceeding, and files this Emergency Motion to Continue Trial, and respectfully represents to the Court to continue the trial for sixty days due to the hospitalization and serious health risks of her sister.

**I.**
**Background**

1. Plaintiff filed a voluntary petition for relief under Chapter 7 under the Bankruptcy Code on March 27, 2025. An order granting Plaintiff a discharge was under 11 U.S.C. § 727 was entered on June 27, 2025.

2. Plaintiff commenced this adversary proceeding pro se on June 23, 2025 seeking a determination that her federal student loans are discharged subject to 11 U.S.C. §

523(a)(8).  Plaintiff later hired attorney Amy Beth Clark of Ciment Law Firm to represent her in this adversary proceeding.

3. The trial in this case is currently set for May 7, 2026 at 1:00 p.m.

4. This trial has been continued multiple times due to Ms. Clark's trial schedule only – the continuances were never relating to Ms. Priester.

5. All necessary pre-trial documents have been filed in this matter and exhibits for both parties were submitted to the court in advance of the May 7 trial.  This was because until the past couple of days, Plaintiff and her counsel thought the trial would continue without problem.

## II.
### Opposing party has no opposition to this request for a continuance

6. As soon as she learned of the issues, on May 5, 2026, Plaintiff's counsel contacted Steven Bass counsel for the government in this action as soon as she knew of the issue. He stated the government had no opposition to this request for a continuance.

7. Also on May 5, 2026, Plaintiff's Counsel alerted the court staff to the issue and that a motion would be filed.

8. Unfortunately, in part due to technical issues with her computer system, Plaintiff's counsel is filing this motion on May 6 instead of May 5, 2026.

## III.

### Emergency requiring continuance

6. Ms. Priester currently has been staying with her older sister in order to provide her assistance with basic tasks as the sister's health was poor.  However, Ms. Priester could travel away from her sister and was prepared to come into Austin for the trial.

7. Ms. Priester's sister was hospitalized last week in Houston and at first Ms. Priester thought her sister would be out in a few days. She often needed hospital care so this was not a highly unusual situation.

8. Unfortunately, Ms. Priester's sister's health took a turn for the worse and she was admitted to the ICU. Her organ systems began failing and she has been unconscious for the past few days. The doctor has told Ms. Priester that the probability is that her sister will not survive the week. If she does recover, she will not be able to return home and will need higher care at a nursing facility. Ms. Priester cannot leave her sister's side as she does not want to miss what the doctor has said is likely her final few days.

9. Ms. Priester is requesting a 60-day continuance to July instead of to a 30 day continuance to June. This is because if her sister does recover, she is going to need a higher level of care that must be figured out and she may be moving temporarily or permanently to a nursing facility. Ms. Priester will be very busy dealing with this, including because she currently has been staying at her sister's home. If Ms. Priester's sister does pass away, the planning before and after the funeral will also fall on Ms. Priester, including dealing with her sister's possessions, getting them out of the home, and Ms. Priester will also need to find a place to stay herself.

### III.
### Conclusion

10. Plaintiff requests that this court continue the trial for *Cathy Deandra Priester vs. United States of America, Department of Education* to a date in July 2026 to allow for her to stay with her seriously ill sister

//

//

and deal with arrangements following this crucial time.

_____
Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Cathy Priester

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Emergency Motion to Continue trial and the Proposed order was mailed, first class or delivered via the ECF system or email to interested parties attached on this the 6th day of May, 2026.

**DEBTORS**:
Cathy Priester
catvangogh@gmail.com

**STANDING CHAPTER 7 TRUSTEE**:
Randolph N. Osherow
342 W. Woodlawn, Suite 100
San Antonio, TX 78212
rosherwow@hotmail.com

**UNITED STATES ATTORNEY**
Justin R. Simmons
Steven B. Bass – Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
512-916-5858
Steven.Bass@usdoj.gov

_____
Amy Beth Clark